NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUAL DIAGNOSIS TREATMENT CENTER, INC. d/b/a SOVEREIGN HEALTH OF CALIFORNIA; SHREYA HEALTH OF CALIFORNIA, INC.; MEDICAL CONCIERGE, INC. d/b/a/ MEDLINK; SATYA HEALTH OF CALIFORNIA, INC.; and VEDANTA LABORATORIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and HORIZON HEALTHCARE SRVICES, INC., <br><br> Defendants. | Civil Action No. 20-15285 (SDW)(AME) <br><br><br> OPINION <br><br><br> July 9, 2021 |

**WIGENTON**, District Judge.

Before this Court is Defendant Horizon Healthcare Services, Inc.'s[1] ("Defendant") Motion to Dismiss (D.E. 18-1) Plaintiffs Dual Diagnosis Treatment Center, Inc. d/b/a Sovereign Health of California ("Dual Diagnosis"), Shreya Health of California, Inc. ("Shreya"), Medical Concierge, Inc. d/b/a Medlink ("Medlink"), Satya Health of California, Inc. ("Satya"), and Vedanta Laboratories, Inc.'s ("Vedanta," and collectively "Plaintiffs") Second Amended Complaint (D.E. 15 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and

---

[1] Although Plaintiffs named "Horizon Blue Cross Blue Shield of New Jersey" and "Horizon Healthcare Services, Inc." as separate parties, Defendant asserts that the former is the trade name of the latter. (D.E. 18-1 at 1, n.1.) )

1445(a). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendant's Motion is **GRANTED**.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are for-profit substance abuse and mental health treatment centers based in California. (Compl. ¶¶ 2, 11-16, 28.) Plaintiffs rendered out-of-network behavioral health treatment services to eleven patients (the "Patients"), who were allegedly insured under Defendants' "employee benefit plan[s]." (*See id.* ¶¶ 1, 10, 17-22); *see* 29 U.S.C. § 1002(3). Plaintiffs claim that they verified the scope of the Patients' substance abuse or mental health coverage and the logistics of securing authorization and payment with Defendants. (Compl. ¶¶ 31-34.) Plaintiffs aver that they were owed between 50-70% of the billed charges depending on each individual plan and the services provided. (*Id.* ¶¶ 37-38.) After completing the insurance verification process, Plaintiffs contacted the Patients to discuss their policies and make any necessary arrangements. (*Id.* ¶ 35.)

Plaintiffs allege that they obtained valid benefit assignments ("Assignments") from all Patients before treatment. (*Id*. ¶¶ 48-50.) Plaintiffs attached two Assignment exemplars to the Complaint. (Compl., Exs. B, C (attaching Patient M.G.'s documents).) The first exemplar, which included an Assignment of Benefits form and a Designation of Authorized Representative form, listed Plaintiffs Shreya and Vedanta, as well as entities not involved in this suit. (*Id*., Ex. B.) The second exemplar only listed Vedanta. (*Id.*, Ex. C.) Plaintiffs allege that they notified Defendants of these Assignments and then submitted claims. (*Id.* ¶¶ 60-61.) Plaintiffs assert that Defendants never informed Plaintiffs that they would not honor the Assignments, but instead approved and authorized payments directly to the Patients. (*Id.* ¶¶ 73, 76.) Plaintiffs contend that Defendants'

2

behavior was misleading, risked the health and safety of Patients, and guaranteed that Plaintiffs would not receive what they were owed for their services. (*Id.* ¶ 79.)

Plaintiffs filed their original Complaint on October 30, 2020. (D.E. 1.) On November 23, 2020, Plaintiffs filed an Amended Complaint. (D.E. 3.) Defendant moved to dismiss on January 29, 2021, but withdrew the motion on March 4, 2021. (D.E. 9.) Plaintiffs filed their Second Amended Complaint on March 15, 2021, claiming benefits under the Employment Retirement Income Security Act of 1974 ("ERISA") § 502 ("Section 502"). (Compl.) Defendant moved to dismiss again on April 14, 2021. (D.E. 18-1.) All subsequent briefing was timely filed. (D.E. 19, ("Opp. Br."); D.E. 20.)

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

3

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the *Iqbal* standard).

III. **DISCUSSION**

Only litigants who are "empowered to maintain a lawsuit in federal court" may "seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citations omitted). A "participant" or "beneficiary" may establish standing pursuant to Section 502 if he or she intends to bring a claim against an insurer to recover benefits due under the terms of his or her plan, to enforce his or her rights under the terms of the plan, or to clarify his or her rights to future benefits. 29 U.S.C. 1132(a)(1)(B). A participant is defined as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7). A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Although Section 502 does not explicitly confer standing upon healthcare providers, a valid assignment of benefits may allow a beneficiary to transfer rights to an assignee. *See American Orthopedic & Sports Med. v. Independent Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018) (citations omitted). A healthcare provider must plead specific factual allegations that render it plausible that they were properly assigned a patients' claims in order to establish standing. *See NJSR Surgical Center, LLC,* 979 F. Supp. 2d at 522-23. "Vague references to a . . . purported assignment will not satisfy this burden." *Demaria v. Horizon Healthcare Servs., Inc.*, Civ. No. 11-7298, 2012 WL 5472116, at *4 (D.N.J. Nov. 9, 2012); *Middlesex Surgery Ctr. v. Horizon*, Civ. No. 13-112, 2013 WL 775536, at *3 (D.N.J. Feb. 28. 2013) (a valid assignment "clearly reflects the assignor's intent to transfer his rights" and includes a "sufficient description of the

4

assignment's subject matter") (citations omitted). Therefore, assignees must allege "specific factual allegations to render plausible their claim that the Assignments they received from the Plan Participants conferred them with the right to receive the full benefits of that Plan." *NJSR Surgical Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 979 F. Supp. 2d 513, 522-23 (D.N.J. 2013) (quotations omitted).

Despite repeated conclusory assertions regarding the existence of valid Assignments for all Patients, (*see* Compl. ¶¶ 48-52, 96; Opp. Br. at 21-26), the Complaint still fails to provide plausible evidence that each of the Plaintiffs is an assignee for, at absolute minimum, one Patient. (*See* Opp. Br. at 19.) Plaintiffs are incorrect that they have no responsibility to provide entity-specific standing allegations until discovery. On the contrary, it is Plaintiffs' burden to present evidence establishing that the standing requirements are met. *See Cottrell v. Alcon Laboratories*, 874 F.3d 154, 162 (3d Cir. 2017). Crucially, despite the amendments and the attachment of Patient M.G.'s Assignment, it remains unclear whether Dual Diagnosis, Medlink, and Satya are authorized assignees for any specific Patients. (*Compare* Compl. ¶ 54 (stating that "Plaintiffs received the same or substantially similar assignments from each of the patients . . .") *with* Compl. Ex. B (attaching an Assignment that does not list all of the Plaintiffs).) In fact, Plaintiffs' allegations that the exemplar Assignment was the "same" for all Patients suggests that the remaining Plaintiffs were not authorized assignees. (*Id.*) For example, Exhibit B includes an alleged Assignment of Benefits which lists the following providers: Adeona Healthcare LLC, Sovereign Health Rancho San Diego, Shreya, and Vedanta.[2] (Compl., Ex. B at 1.) Dual Diagnosis, Medlink, and Satya are not included as Providers on this exemplar Assignment. (*Id.*) Exhibit C includes an Assignment of Benefits only as to Vedanta. (Compl., Ex. C.) Thus, this Court cannot conclude that Plaintiffs'

---

[2] An additional provider is listed, but illegible due to redactions. (Compl., Ex. B.)

5

allegations regarding "substantially similar" Assignments for the remaining Patients plausibly asserts standing.[3] (*See* Compl., Ex. B.)

Further, it is not even clear that Dual Diagnosis alleges an injury-in-fact, as the provider is not listed as being owed payments. (Compl., Ex. A); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Exhibit A lists amounts billed to various Patients from various providers, but Dual Diagnosis is not included on this list. (*See* Compl., Ex. A.) Therefore, because Plaintiffs "have failed to provide the Court with the assignments at issue, the relevant language from these assignments, or some other evidence of the assignments' scope" as to Dual Diagnosis, Medlink, and Satya, "such that the Court could determine whether Plaintiff is proceeding pursuant to an appropriate assignment of benefits," this Court cannot conclude that there is standing. *See Emergency Physicians of St. Clare's v. United Health Care*, Civ. No. 14-404, 2014 WL 7404563, at *10 (D.N.J. Dec. 29, 2014).

Even if standing as to Dual Diagnosis, Medlink, and Satya had been established, Plaintiffs' Complaint only contains vague and conclusory statements regarding the plan terms that align with the alleged benefits. (*See generally* Compl.) Under Section 502, participants are only entitled to recover benefits "due" under the terms of their plans, 29 U.S.C. § 1132(a)(1)(B), and benefits are only due if the participant or beneficiary can demonstrate that he or she has a "vested" right to the benefit sought, *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006). Further, a plausible claim must tie the demand for additional benefits to a specific plan term. *Id.*; *see also Emergency Physicians of St. Clare's, LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 19-12112, 2020 WL 2079286, at *3-4 (D.N.J. Apr. 30, 2020); *Millennium Healthcare of*

---

[3] Although Plaintiffs suggest that this conclusion is tantamount to requiring "fast-tracked discovery," and forces Plaintiffs to provide "all the assignments and all other documents in support of their claims" at "the outset of litigation," this is not accurate. (D.E. 19 at 3-4.) There are many ways to adequately plead standing as to each Plaintiff without attaching endless documents to the Complaint.

*Clifton, LLC v. Aetna Life Ins. Co.*, Civ. No. 19-12660, 2019 WL 7498667, at *2 (D.N.J. Nov. 15, 2019); *K.S. v. Thales USA, Inc.*, Civ. No. 17-07489, 2019 WL 1895064, at *4 (D.N.J. Apr. 29, 2019); *Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross Life and Health Ins. Co.*, Civ. No. 17-4599, 2018 WL 5630030, at *7 (D.N.J. Oct. 31, 2018). Because Plaintiffs fail to refer to a specific plan term,[4] they have failed to state a claim for relief under Section 502. (*See* Compl. ¶ 38 (stating only that ". . . .the amounts owed, per the plan verification ranged from 50-70% of the billed charges depending on the services provided and the particular plan itself.").)

**CONCLUSION**

Defendant's Motion is **GRANTED**. Plaintiffs shall have thirty (30) days to file an Amended Complaint. Additional amendments will not be authorized. An appropriate order follows.

                                                      ___/s/ Susan D. Wigenton_____
                                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:    Parties
       Andre M. Espinosa, U.S.M.J.

---

[4] Plaintiffs' opposition also fails to provide any specific legal authority that would counter Defendant's assertions on this point. (*See* Opp. Br. at 18-21.)