<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUAL DIAGNOSIS TREATMENT CENTER, INC. d/b/a SOVEREIGN HEALTH OF CALIFORNIA; SHREYA HEALTH OF CALIFORNIA, INC.; MEDICAL CONCIERGE, INC. d/b/a/ MEDLINK; SATYA HEALTH OF CALIFORNIA, INC.; and VEDANTA LABORATORIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and HORIZON HEALTHCARE SRVICES, INC., <br><br> Defendants. | Civil Action No. 20-15285 (SDW)(AME) <br><br> **OPINION** <br><br> April 19, 2022 |

**WIGENTON**, District Judge.

Before this Court is Defendant Horizon Healthcare Services, Inc.'s[1] ("Defendant") Motion to Dismiss (D.E. 27-1) Plaintiffs Dual Diagnosis Treatment Center, Inc. d/b/a Sovereign Health of California ("Dual Diagnosis"), Shreya Health of California, Inc. ("Shreya"), Medical Concierge, Inc. d/b/a Medlink ("Medlink"), Satya Health of California, Inc. ("Satya"), and Vedanta Laboratories, Inc.'s ("Vedanta," and collectively "Plaintiffs") Third Amended Complaint (D.E. 23 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1445(a).

---

[1] Although Plaintiffs named "Horizon Blue Cross Blue Shield of New Jersey" and "Horizon Healthcare Services, Inc." as separate parties, Defendant asserts that the former is the trade name of the latter. (D.E. 27-1 at 1, n.1.)

This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendant's Motion is **GRANTED** with prejudice.

**I.     FACTUAL HISTORY**

Plaintiffs are for-profit substance abuse and mental health treatment centers based in California. (Compl. ¶¶ 2, 11-16, 28.) Plaintiffs rendered out-of-network behavioral health treatment services to eleven patients (the "Patients"), who were allegedly insured under Defendant's "employee benefit plan[s]." (*See id.* ¶¶ 1, 10, 17-22); *see* 29 U.S.C. § 1002(3). Plaintiffs claim that they verified the scope of the Patients' substance abuse or mental health coverage and the logistics of securing authorization and payment with Defendant. (Compl. ¶¶ 31-34.) Plaintiffs aver that they were owed between 50-70% of the billed charges depending on each individual plan and the services provided. (*Id.* ¶¶ 37.) After completing the insurance verification process, Plaintiffs contacted the Patients to discuss their policies and make any necessary arrangements. (*Id.* ¶ 35.) Plaintiffs allege that they obtained valid benefit assignments ("Assignments"), and in some instances, a Designation of Authorized Representatives, from all Patients before treatment. (*Id.* ¶¶ 47-49.)

At the time Shreya, Vedanta, Medlink, and Satya rendered services to the Patients, all Patients were covered under either a Horizon policy or a self-funded plan administered by Horizon. (*Id.* ¶¶ 51- 152.) In addition to the Assignments from Patients, Plaintiffs allege that they contacted Defendant directly to get details of the type of coverage that each patient had under their individualized plans and the payments required to be made under the plans. (*Id.* ¶¶ 55, 64, 73, 84, 93, 104, 112, 120, 128, 139, 148.) Plaintiffs further alleged that the Patients' individual plans provided, *inter alia*, the coverage for out-of-network behavioral services; precertification requirements for certain levels of care; applicable patient deductibles; billing codes covered under

the plan; and percentage amount that the plan will pay for out-of-network services and laboratory services. (*Id.* ¶¶ 56, 65, 74, 85, 94, 105, 113, 121, 129, 140, 149.) Plaintiffs allege that despite repeated requests for the plan documents to be provided to Plaintiffs or the Patients, Defendant never provided such documents. (*Id.* ¶¶ 57-150.)

In accordance with the plans, Plaintiffs allege that they provided medically necessary services to the Patients. (*Id.* ¶ 153.) Plaintiffs then notified Defendant of these Assignments and then submitted claims. (*Id.* ¶ 154.) Plaintiffs assert that Defendant never informed Plaintiffs that they would not honor the Assignments, but instead approved and authorized payments directly to the Patients. (*Id.* ¶¶ 166, 169.) Defendant allegedly refused to pay or underpaid substantial benefits. (*Id.* ¶¶ 58, 67, 76, 87, 96, 107, 115, 123, 131, 142, 151, 171.) Plaintiffs further contend that Defendant "improperly paid only a fraction of the billed charges for the particular medical services." (*Id.* ¶¶173-174, 176.) Plaintiffs contend that Defendant's behavior was misleading, risked the health and safety of the Patients, and guaranteed that Plaintiffs would not receive what they were owed for their services. (*Id.* ¶ 172.)

## II.   PROCEDURAL HISTORY

Plaintiffs filed their original Complaint on October 30, 2020. (D.E. 1.) On November 23, 2020, Plaintiffs filed an Amended Complaint. (D.E. 3.) Defendant moved to dismiss on January 29, 2021, but withdrew the motion on March 4, 2021. (D.E. 9.) Plaintiffs filed their Second Amended Complaint on March 15, 2021, claiming benefits under the Employment Retirement Income Security Act of 1974 ("ERISA") § 502 ("Section 502"). (D.E. 15.) Defendant moved to dismiss again on April 14, 2021. (D.E. 18-1.) On July 9, 2021, this Court issued an Opinion and Order dismissing Plaintiffs' Second Amended Complaint without prejudice. (D.E. 21, 22.) Plaintiffs' Second Amended Complaint was dismissed for failing to state a claim under Section

502 because "the Complaint failed to provide plausible evidence that each of the Plaintiffs is an assignee for, at absolute minimum, one Patient." (D.E. 21 at 5.) The Second Amended Complaint was also dismissed for failing to state a claim under Section 502 because it contained only conclusory statements regarding plan terms that align with the alleged benefits. (D.E. 21 at 6.) Plaintiffs were permitted to file a Third Amended Complaint. (D.E. 21 at 7.) Additionally, Plaintiffs were advised that "additional amendments would not be authorized." (D.E. 21 at 7.) Plaintiffs filed their Third Amended Complaint on July 30, 2021 claiming benefits under ERISA Section 502. (D.E. 23.) Defendant moved to dismiss the Third Amended Complaint again on September 10, 2021. (D.E. 27.) All subsequent briefing was timely filed. (D.E. 32, ("Opp. Br."); D.E. 33.)

### III.   STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the *Iqbal* standard).

## IV. DISCUSSION

Only litigants who are "empowered to maintain a lawsuit in federal court" may "seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citations omitted). A "participant" or "beneficiary" may establish standing pursuant to Section 502 if he or she intends to bring a claim against an insurer to recover benefits due under the terms of his or her plan, to enforce his or her rights under the terms of the plan, or to clarify his or her rights to future benefits. 29 U.S.C. 1132(a)(1)(B). A participant is defined as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7). A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Although Section 502 does not explicitly confer standing upon healthcare providers, a valid assignment of benefits may allow a beneficiary to transfer rights to an assignee. *See American Orthopedic & Sports Med. v. Independent Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018) (citations omitted). A healthcare provider must plead specific factual allegations that render it plausible that they were properly assigned a patients' claims in order to establish standing. *See NJSR Surgical Center, LLC,* 979 F. Supp. 2d at 522-23. "Vague references to a . . . purported assignment will not satisfy this burden." *Demaria v. Horizon Healthcare Servs., Inc.*, Civ. No. 11-7298, 2012 WL 5472116, at *4 (D.N.J. Nov. 9, 2012); *Middlesex Surgery Ctr. v. Horizon*, Civ. No. 13-112, 2013 WL 775536, at *3 (D.N.J. Feb. 28. 2013) (a valid assignment "clearly reflects

the assignor's intent to transfer his rights" and includes a "sufficient description of the assignment's subject matter") (citations omitted).  Therefore, assignees must allege "specific factual allegations to render plausible their claim that the Assignments they received from the Plan Participants conferred them with the right to receive the full benefits of that Plan." *NJSR Surgical Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 979 F. Supp. 2d 513, 522-23 (D.N.J. 2013) (quotations omitted).

      Here, the Complaint still fails to provide plausible evidence that each of the Plaintiffs is an assignee for the Patients. (*See generally* Compl.)  Despite having a third opportunity to plead their claims regarding the existence of valid Assignments for all Patients, it still remains unclear whether Dual Diagnosis, Medlink, and Satya are authorized assignees for any specific Patients. (*Id.*)  Thus, Plaintiffs' assertion that "each of the patients assigned their rights" to "benefits, insurance proceeds or other moneys due to me for services rendered  by Providers" is unsupported. (Opp. Br. at 15.) (internal citations omitted.)  Absent from the Third Amended Complaint is any mention of an assignment to Dual Diagnosis[2] or Satya. (*See generally* Compl.)  Plaintiffs' reliance upon Exhibit A, a chart listing amounts billed to various Patients from various providers to support their claims that valid Assignments exist is unavailing. (Compl. ¶ 177, Ex. A.)  Importantly, Dual Diagnosis is not listed as a provider being owed payments on the chart and the chart does not reflect that the Patients unequivocally assigned to Plaintiffs their benefits, insurance proceeds or other moneys due to Patients for services rendered  by Plaintiffs. (Compl., Ex. A.)  Throughout the Third

---

[2] In their Opposition Brief, Plaintiffs allege that Dual Diagnosis "serves as the corporation covering all of the other providers named in this action" and "each provider operates under the Dual Diagnosis umbrella and the administrative staff at Dual Diagnosis assists each of the other providers in administrative matters, including billing and confirming insurance coverage." (Opp. Br. at 13-14.) These allegations are supplemental facts that are not raised in Plaintiffs' Third Amended Complaint. Indeed, Plaintiffs improperly attempt to use their Opposition Brief to provide additional factual allegations to support their claims. Allegations extraneous to the pleadings on a motion to dismiss will not be considered by the Court. *See Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")

6

Amended Complaint, Plaintiffs quote language from the purported Assignments to support their claims that valid Assignments exist.  (*Id*. ¶¶ 53-54, 62, 71-72, 80-82, 91-92, 100-102, 110, 118, 126-127, 135-137, 146.)   For example, Plaintiffs quote language from the purported Shreya, Satya[3], and Medlink Assignments which state, in pertinent part, that "I patient/policyholder irrevocably assign, transfer, and convey to Provider the exclusive rights to benefits, insurance proceeds or other moneys[.]" (*Id*. ¶¶ 53, 71, 80, 91, 100, 126, 135, 145-146.) However, the quoted language from the Shreya, Medlink, and Satya Assignments does not reference any particular assignee, let alone any of the Plaintiffs in this matter.  (*Id*.)  Instead, the Shreya, Medlink, and Satya Assignments refer to unnamed "Provider[s]".  (*Id*.)  Clearly, the Third Amended Complaint is fraught with the same repeated conclusory allegations regarding the existence of valid Assignments similar to the Second Amended Complaint that was dismissed by this Court.

Further, Plaintiffs have still failed to allege that Dual Diagnosis has an  injury-in-fact. Exhibit A lists amounts billed to various Patients from various providers, but Dual Diagnosis is not included on this list as a provider that is owed payments.  (*See* Compl., Ex. A.)  As this Court previously stated in its July 9, 2021 Opinion dismissing Plaintiffs' Second Amended Complaint asserting identical claims, this Court cannot conclude that there is standing because "Plaintiffs have failed to provide the Court with the assignments at issue, the relevant language from these assignments, or some other evidence of the assignments' scope as to Dual Diagnosis, Medlink, and Satya, such that the Court could determine whether Plaintiff[s] [are] proceeding pursuant to an appropriate assignment of benefits[.]"  (*See* D.E. 21 at 6) (internal citations omitted.)

---

[3] The Third Amended Complaint pleads that Satya was the provider of services to patient ES and that Shreya was the alleged assignee of the services rendered.  (*Id*. ¶¶ 144-147.) In their Opposition Brief, Plaintiffs assert that the references to Shreya as opposed to Satya as the assignee in paragraph 145 of the Complaint were in error.  (*See* Opp. Brief at 14 n.2.)

Moreover, Plaintiffs' Third Amended Complaint still fails to plead a viable claim for relief under Section 502.  (*See generally* Compl.)  Under Section 502, participants are only entitled to recover benefits "due" under the terms of their plans, 29 U.S.C. § 1132(a)(1)(B), and benefits are only due if the participant or beneficiary can demonstrate that he or she has a "vested" right to the benefit sought, *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006).  Further, a plausible claim must tie the demand for additional benefits to a specific plan term.  *Id.*; *see also Emergency Physicians of St. Clare's, LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 19-12112, 2020 WL 2079286, at *3-4 (D.N.J. Apr. 30, 2020); *Millennium Healthcare of Clifton, LLC v. Aetna Life Ins. Co.*, Civ. No. 19-12660, 2019 WL 7498667, at *2 (D.N.J. Nov. 15, 2019); *K.S. v. Thales USA, Inc.*, Civ. No. 17-07489, 2019 WL 1895064, at *4 (D.N.J. Apr. 29, 2019); *Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross Life and Health Ins. Co.*, Civ. No. 17-4599, 2018 WL 5630030, at *7 (D.N.J. Oct. 31, 2018).  Here, even if standing as to Dual Diagnosis, Medlink, and Satya had been established, Plaintiffs' Third Amended Complaint only contains vague and conclusory references to the relevant provisions of the plan terms and bald assertions regarding the relevant plan terms that align with the alleged benefits.  (*See generally* Compl.)  The Third Amended Complaint cites to no specific plan provisions to plausibly indicate that Plaintiffs are allegedly entitled to additional plan benefits or that the benefits to which they are allegedly entitled equal the full amount of the bill submitted.  (*See generally* Compl.)  While Plaintiffs argue that "the underpayment by [Defendant] is contrary to the specific plan provisions" because each patient plan was obligated to pay a certain percentage of benefits, Plaintiffs provide no factual detail as to what those "benefits" were for each patient. (Opp. Br. at 17, *see also* Compl. ¶¶ 51- 152.)

To the extent Plaintiffs argue that Defendant's failure to provide plan documents or plan summaries to the Patients is the basis for their ongoing deficient pleadings, Plaintiffs' argument is unavailing. (Opp. Br. at 16.) Plaintiffs have had ample opportunity to adequately plead their claims. As previously emphasized in this Court's July 9, 2021 Opinion, because Plaintiffs fail to refer to a specific plan term, they have failed to state a claim for relief under Section 502 and thus, no further amendments would be permitted.

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint is **GRANTED** with prejudice. An appropriate order follows.

   /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Andre M. Espinosa, U.S.M.J.